Josè María González, Petitioner, *v.* District Court of Humacao, R. Arjona Siaca, Judge, Respondent.

No. 1166. Argued March 6, 1939.—Decided March 10, 1939.

*F. González Fagundo* and *Guillermo E. González* for petitioner. *Luis Llorens Torres* for intervenor, defendant in the main suit.

Mr. Justice De Jesús delivered the opinion of the Court.

On June 21, 1937, José María González filed a suit in the District Court of Humacao against Juan Lastra Chárriez to foreclose a mortgage. He attached to his original petition the documents required by law, and the judge, in view of the petition and said documents, on the following day ordered defendant to pay. Defendant was served with a copy of said order on the 29th of said month and on August 30th he filed in said District Court a motion to annul the order to pay, which motion he served on the other party on the same day it was filed. September 6th was set to hear the parties in regard to defendant's motion and on said day, after hearing the parties, the court granted alternate terms of ten days to file briefs and a term of five days to defendant to rebut.

On January 30, 1939, the District Court decided the motion by an order which reads as follows:

"Considering the issues raised by defendant in this summary proceeding said issues refering to the maturity, certainty, extinction and amount of the debt object of the suit, even though I am inclined to agree with defendant in the majority of the issues raised, nevertheless said issues are not proper subject matter to be decided in this proceeding in accordance with section 175 of the Regulations for the Execution of the Mortgage Law, the petition of defendant that the order to pay rendered in this case be annulled, is denied."

Before the Court issued the above order, plaintiff, on November 3, 1938, moved the court to order the sale at public

auction of the mortgaged farm. The motion was not decided until February 8, 1939, when the other judge of the District Court of Humacao, Mr. García Quiñones, ordered the sale. After the sale was ordered, defendant, on April 13th, filed a long motion requesting the reconsideration of the order of January 30th, *supra*. On February 20, 1939, there having been no decision as regards the motion for reconsideration, defendant asked the court to set a day and hour to be heard and in the meantime to suspend the proceedings until his motion was finally decided. In deciding this last motion of defendant, R. Arjona Siaca, Judge of the District Court, who was the judge who had issued the original order to pay, held:

"In view of defendant's motion in this case filed today, in which he requests that the court set a day and hour to discuss the motion to reconsider and also requesting the suspension of the proceedings until said motion has been finally disposed of, the motion is granted and February 28, 1939, at 1:30 p. m., in the courtroom of the Municipal Court of Humacao, P. R., is set to hear the parties on the motion to reconsider and until said motion is definitely decided, the proceedings in this case are suspended. The Marshal shall suspend all proceedings in regard to the public auction which has been advertised in this case."

Plaintiff filed a petition for certiorari to review this order alleging that the lower court had no authority to suspend the summary proceeding for the foreclosure of a mortgage in this case, because defendant's issues are not included in the three exceptions expressly enumerated by section 175 of the Regulations for the Execution of the Mortgage Law, as amended by Act No. 81 of May 13, 1936 (Laws of 1936 (1) p. 432), and that on the contrary in these cases the suspension of the proceedings is expressly prohibited by said section 175.

That part of section 175 of the Regulations for the Execution of the Mortgage Law, as amended, applicable to the instant case, reads as follows:

"The summary proceedings referred to in this section can not be suspended by incidental issues or any other issues raised by the

debtor or the third person in possession, or by any other person appearing as an interested party, except in the following cases:

"1. When documentary evidence is produced of criminal proceedings charging the forgery of the mortgage deed the subject of the proceedings, in which a complaint shall have been admitted or an order of prosecution has been issued.

"2. When an action in intervention of ownership is filed, necessarily the title of the ownership of the estate in question recorded in favor of the intervener under a date prior to the record of the claim of the execution creditor and not canceled in the registry being necessarily filed therewith.

"3. When a certificate from the registrar is presented to the effect that the mortgage under which the proceedings are being prosecuted has been canceled, or an authentic copy of the public instrument of the cancellation of the same, bearing a memorandum of its presentation in any of the registries where it is to be noted, executed by the plaintiff or by his predecessors or successors in interest, the transfer in a proper case being also proved by documentary evidence.

"    .        .        .        .        .        .        .        .

"All other claims that may be brought, either by the debtor or by third persons in possession and other persons interested, *including those involving the nullity of the title or of the proceedings, or the maturity, truth, extinction or amount of the debt, shall be heard in the proper plenary action, without ever producing the effect of suspending or interfering with the execution proceedings,* but as regards third acquirers, if from the registration the cause of action does not properly appear, the effect of such claims shall be subject to the provisions of Article 34 of the Mortgage Law. The jurisdiction to take cognizance of this declaratory action shall be determined by the ordinary rules.

"    .        .        .        .     ,     .        .        .     ."

(Italics supplied.)

Nevertheless, from the record and from the order appealed from, it appears that the judge of the lower court has not decided the motion to reconsider and that he has only set a day to hear the parties and incidentally in order that his judgment will not later be academic, he suspended the foreclosure proceedings whereby the farm was about to be sold at public auction, pending decision of the motion to reconsider.

In our opinion the petition for a writ of certiorari, was prematurely filed. The lower court should have had an opportunity to pass upon the motion, and if the decision was rendered against petitioner and he considered himself aggrieved, then he could come to this court. In the case of *Las Monjas Racing Corporation* v. *District Court,* 40 P.R.R. 282, 284, cited with approval in *National City Bank of N.Y.* v. *District Court,* 45 P.R.R. ____, this Court, in holding that the writ of certiorari will not lie when the lower court has not had a chance to dispose of the issue raised before it, has said the following:

"Under the Act of March 10, 1904, this court is empowered to issue writs for certiorari where the procedure is not according to the course of the law. Experience and custom have shown that the writ should be sparingly issue. Even more sparingly should a resort to our power be made before the questions sought to be elucidated have been freely submitted to the court below for decision. As a general rule, even where the procedure is not according to law, the court below should be given an opportunity to correct an improvident action before recourse is had to this court. The petitioner, in point of fact, as the record discloses, did present a motion to quash the order of attachment, but apparently the petitioner assumed that the decision of the court below would be adverse to it. If the petitioner had a valid defense to the order of attachment, if in fact the court had no jurisdiction, the ordinary presumption would be that the court of law would find in its favor. Where, after hearing both sides, a court has taken a definite stand in a pending or a similar case, some foundation is laid, but without some such condition precedent a writ as a general rule should be denied where the court below was given no opportunity to decide the main question. It could never be assumed that where there was a total want of jurisdiction in the court below a skillful attorney could not convince the court of such a state of facts. Without giving the court such an opportunity to hear both sides and decide, it may be seriously questioned whether there is any right to say that the procedure is not according to the course of the law. The submission of issues to the court of first instance is the rule."

See also *Madera* v. *Campillo, Judge,* 30 P.R.R. 156, where it was held that before a petitioner may apply to this Court for a writ of certiorari, he should exhaust all his remedies in the lower court.

It is true that in the case of *González et al* v. *Benítez, Judge,* 29 P.R.R. 281, the following was said:

"We agree that the best and usual practice should be that if the petitioner may obtain relief by means of a motion to the court in which the principal action is pending, this court should not grant a writ of certiorari. But there are exceptions to that rule and it is not binding upon this court, which has wide discretion in issuing such writs. Generally recourse should not be taken to an appellate court before exhausting all remedies in the court of original jurisdiction; but if the appellate court is convinced that the justice of the case demands its immediate intervention, it should not be withheld. This court believed that the petition here presented involved such a case. Besides, the fact should not be lost sight of that when jurisprudence mentions the existence of other remedies as a bar to writs of certiorari, it generally refers to appeals."

But it is no less true that said case refers to the appointment of an administrator, who had given no bond, which required the immediate intervention of this court to avoid the damages which might have been caused to the petitioners by taking their property and putting it in the hands of a third person without having at least the guarantee of a bond to insure any damage which might be done to them.

In the present case the danger referred to in *González* v. *Benítez, supra,* does not exist. The only damage which plaintiff may suffer consists of the delay of the district judge in deciding the motion for reconsideration, but in view of the fact that foreclosure proceedings were filed in July 21, 1938, and that said proceeding is speedy and summary, we do not doubt that the judge of the lower court, considering these circumstances, will decide the motion to reconsider without delay, thus avoiding any damages which might be caused to petitioner.

The suspension of the proceedings while the motion for reconsideration is pending, does not violate in our opinion the prohibition contained in section 175 of the Regulations for the Execution of the Mortgage Law, as it is only a temporary suspension to avoid that the judgment be illusory or academic.

For the foregoing reasons, the preliminary writ issued should at present be annulled and the case remanded to the lower court to dispose of the pending motion for reconsideration.